**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| CRYSTAL CERVANTEZ-TKAC, et al., individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) Case No. 3:26-cv-00280-CHB |
| Plaintiffs, | )<br>) |
| v. | ) Judge Claria Horn Boom<br>) |
| VAN LAURENCE BARKER; JOSHUA JAMES KENNEDY; SIYUAN ZHENG; LIGHTHOUSE ESTATES LLC; and STARPOINT HOLDINGS LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DECLARATION OF TERENCE G. BANICH IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR APPOINTMENT OF AN EQUITY RECEIVER**

1.      I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2.      I have been asked to serve as Receiver's counsel in this action if Michele Vives of Douglas Wilson Companies is appointed as Equity Receiver ("Receiver") by this Court. I am willing to do so.

**EDUCATION AND PROFESSIONAL BACKGROUND**

3.      In May 1996, I received a Bachelor of Arts (Honors Program), *magna cum laude*, from the University of San Diego in English and Political Science. In May 1999, I received a Juris Doctor, *cum laude*, from Loyola University Chicago.

4.      I am an attorney licensed to practice law in, and am a member in good standing of the bars of, the State of Illinois, the State of California and the District of Columbia, and I have

been duly admitted to practice before the Supreme Court of the United States, several United States Courts of Appeal and several United States District Courts.

5.      I am a partner in the Restructuring department of Katten Muchin Rosenman LLP ("Katten"), a full-service law firm with over 700 attorneys in locations across the United States, as well as in London and Shanghai. I am resident in the Katten's Chicago office, and have been in private practice continuously since 1999.

6.      Katten's Restructuring practice has in-depth experience representing different constituencies and in all types of in-court and out-of-court restructurings and workouts, with a focus on bankruptcy litigation, transactions under section 363 of the Bankruptcy Code and other M&A transactions involving distressed companies. In addition, Katten regularly represents corporate debtors, official and unofficial creditors' committees, secured lenders, trade creditors, administrative agents, federal receivers, indenture trustees and equity sponsors. Katten is also one of the preeminent firms in representing independent directors in chapter 11 cases and out-of-court restructurings.

7.      I would be the lawyer at Katten with the primary responsibility for representing the Receiver.

### PROPOSED RECEIVER'S COUNSEL EXPERIENCE

8.      I have extensive experience representing court-appointed receivers and other fiduciaries in complex commercial litigation, including in matters involving Ponzi schemes, fraud, and multi-entity corporate structures.

9.      During my career, I have represented federal receivers appointed in at least the following cases:

(a)     *Sec. & Exch. Comm'n v. Church Extension of the Church of God, Inc., et al.*, No. 02-cv-1118 (S.D. Ind.);

2

(b)   *Unofficial On-Shore Creditors' Comm. of the Bayou Family of Cos. v. Bayou Grp., LLC, et al.*, No. 7:06-cv-02379 (S.D.N.Y.);

(c)   *Perez v. Enter. Laundry Servs., Inc., et al.*, No. 1:12-cv-01926 (N.D. Ill.);

(d)   *Aviles-Cobos v. Figueroa Rests., Ltd.*, No. 1:16-cv-2380 (N.D. Ill.);

(e)   *In re First Farmers Fin. Litig.*, No. 1:14-cv-7581 (N.D. Ill.);

(f)   *Fed. Trade Comm'n v. Asia Pac. Telecom, Inc.*, et al., No. 1:10-cv-3168 (N.D. Ill.);

(g)   *Fed. Trade Comm'n v. 2145183 Ontario Inc.*, No. 1:09-cv-7423 (N.D. Ill.);

(h)   *Sec. & Exch. Comm'n v. Salutric*, No. 1:10-cv-00115 (N.D. Ill.);

(i)   *Fed. Trade Comm'n v. Stark Law, LLC, et al.*, No. 1:16-cv-3463 (N.D. Ill.);

(j)   *Fed. Trade Comm'n v. A1 Janitorial Supply Corp., et al.*, No. 1:17-cv-07790 (N.D. Ill.);

(k)   *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc., et al.*, No. 1:19-cv-06029 (N.D. Ill.);

(l)   *CIBC Bank USA v. JH Portfolio Debt Equities, LLC, et al.*, No. 1:18-cv-3964 (N.D. Ill.)

(m)   *Sec. & Exch. Comm'n v. Horwitz*, No. 2:21-cv-02927 (C.D. Cal.); and

(n)   *Whiteamire Clinic, P.A., Inc. v. Cartridge World N. Am., LLC*, No. 1:24-cv-06753 (N.D. Ill.).

10.    In the *Horwitz* case, I currently represent Ms. Vives in her role as federal receiver of 1inMM Capital, LLC, which is the largest Ponzi scheme in the history of the Central District of California.

11.    I have also represented various other fiduciary clients, such as debtors in possession and chapter 7 and 11 bankruptcy trustees, as well as lenders and unsecured creditors.

**PROPOSED ROLE AND APPROACH**

12.    The Receiver proposes that the Court authorize Katten to render the following legal services on behalf of the Receiver:

3

(a)    Advise the Receiver with respect to her rights, duties and responsibilities under the receiver order and applicable law, and with regard to the administration of the receivership case;

(b)    Assist the Receiver in her investigation of the acts, transactions, conduct, assets, liabilities and financial condition of the Defendants and their affiliates;

(c)    Assist the Receiver in obtaining custody and control over property of the receivership estate within and without this federal district;

(d)    Assist and advise the Receiver with respect to sale of property of the receivership estate;

(e)    Assist and advise the Receiver in my investigation and pursuit of litigation, particularly including fraudulent transfer and insider preference actions;

(f)    Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements and other legal documents, including interim and final applications for payment of fees and reimbursement of expenses;

(g)    Confer with parties in interest and their counsel;

(h)    Appear in court for hearings in this case and any related litigation;

(i)    Enforce the injunction imposed by the receiver order;

(j)    Assist the Receiver in identifying, and retaining and appointing, any other professional persons; and

(k)    Advise the Receiver regarding proposing a claims process and formulating a plan of distribution, if warranted; and

13.    Katten will also perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request, from time to time.

## PROPOSED COMPENSATION

14.    Katten's fees for this engagement will be based upon its hourly rates.

15.    My current (2026) hourly rate is $1,645, and the associate attorneys who I expect would work on this matter have hourly rates ranging from $835 to $1,295. Katten adjusts its rates annually in response to market trends and other factors, generally in the first calendar quarter of the year.

4

16.    Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Katten typically advances those costs on its client's behalf and includes them in its monthly bills, though some large disbursements may be forwarded to the client for direct payment.

17.    Katten acknowledges that the sole source of its compensation in this case will be funds in the receivership estate and that all compensation for legal services rendered on behalf of the Receiver will be subject to Court approval pursuant to the procedures in the receiver order.

## INDEPENDENCE AND ABSENCE OF CONFLICTS

18.    Katten has no connections with the Plaintiff or Defendants, and neither holds nor represents any adverse interest in connection with the matters upon which Katten is to be employed by the Receiver.

19.    Neither I nor Katten has any prior relationship, financial or otherwise, with any plaintiff, defendant, or entity in this action. Katten has not been engaged by or performed services for Van Laurence Barker, Joshua James Kennedy, Siyuan Zheng, Lighthouse Estates LLC, Starpoint Holdings LLC or any affiliate thereof.

20.    I am aware of no conflict of interest that would impair my ability to serve as independent Receiver's counsel in this matter. Should any potential conflict come to my attention after the filing of this declaration, I will disclose it promptly to the Court and to all parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5

Executed on April 21, 2026
in Chicago, Illinois                                   /s/*Terence G. Banich*

                                                      Terence G. Banich

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing Declaration of

Terence G. Banich with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record.


Date: 4/21/26



/s/ Alexander N. Loftus
Alexander N. Loftus
LOFTUS & EISENBERG, LTD.