**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| CRYSTAL CERVANTEZ-TKAC and SIMAYA INNOVATIONS LLC, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| VAN LAURENCE BARKER; JOSHUA JAMES KENNEDY; SIYUAN ZHENG; LIGHTHOUSE ESTATES LLC; and STARPOINT HOLDINGS LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:26-cv-00280-CHB

Chief Judge Claria Horn Boom

**CLASS ACTION**

**PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS LIGHTHOUSE ESTATES LLC AND STARPOINT HOLDINGS LLC**

Plaintiffs Crystal Cervantez-Tkac and Simaya Innovations LLC respectfully move, under Federal Rule of Civil Procedure 55(a), for the Clerk to enter the default of Defendants Lighthouse Estates LLC and Starpoint Holdings LLC, each of which has been served and has failed to plead or otherwise defend within the time the Rules require. In support, Plaintiffs state:

1.      Plaintiffs filed this action, a putative class action, on April 17, 2026. (ECF No. 1.)

2.      Defendant Starpoint Holdings LLC was served with the summons and Complaint on May 5, 2026, making its responsive pleading due May 26, 2026. (ECF No. 16.)

3.      Defendant Lighthouse Estates LLC was served with the summons and Complaint on May 11, 2026, making its responsive pleading due June 1, 2026. (ECF No. 17.)

4.      The time for each Defendant to answer or otherwise respond has expired. As of the date of this motion, neither Defendant has answered, moved, entered an appearance, or otherwise defended in this action.

1

5.      Each Defendant is a limited liability company. Neither is an infant or an incompetent person, and the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply to a corporate entity.

6.      The failure of each Defendant to plead or otherwise defend is shown by the accompanying Declaration of Alexander N. Loftus.

Rule 55(a) provides that when a party against whom affirmative relief is sought "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Complaint seeks affirmative relief against both Defendants; both were served; and the time to respond has passed. Entry of default is therefore required.

By this motion Plaintiffs do not seek a default judgment under Rule 55(b). They request only the Clerk's entry of default, which is the predicate to further proceedings — including Plaintiffs' pending motion for class certification and a later, properly supported motion for judgment.

WHEREFORE, Plaintiffs respectfully request that the Clerk enter the default of Defendants Lighthouse Estates LLC and Starpoint Holdings LLC under Federal Rule of Civil Procedure 55(a). A proposed Entry of Default is submitted herewith.

Dated: June 9, 2026                                  Respectfully submitted,

                                                     /s/ *Alexander N. Loft*

Alexander N. Loftus (admitted pro hac vice)
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com

Michele D. Henry
MICHELE HENRY LAW, P.C.
517 W. Ormsby Avenue
Louisville, Kentucky 40203
(502) 536-0085
mhenry@michelehenrylaw.com
*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record, and that, because Defendants Lighthouse Estates LLC and Starpoint Holdings LLC have not appeared, I caused a true and correct copy to be served on each by United States mail, postage prepaid, addressed to its registered agent.

/s/ *Alexander N. Loftus*

3